## Case No. 22-1226

*In the*

# United States Court of Appeals

*for the*

# Tenth Circuit

RANDY DEAN QUINT, JOHN LINN and MARK MOLINA,
individually and on behalf of all others similarly situated,
*Plaintiffs-Appellants,*

v.

VAIL RESORTS, INC.,
a Delaware corporation,
*Defendant-Appellee.*

*Appeal from a Decision of the United States District Court for the District of Colorado - Denver*
*Case No. 1:20-CV-03569-DDD-GPG · Honorable Daniel D. Domenico, U.S. District Judge*

# COMBINED PETITION FOR PANEL REHEARING
# AND PETITION FOR REHEARING *EN BANC*

EDWARD P. DIETRICH, ESQ.
EDWARD P DIETRICH, APC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
(310) 300-8450 Telephone
(310) 300-8401 Facsimile
edward@dstlegal.com

*Attorney for Appellants,*
*Randy Dean Quint, John Linn*
*and Mark Molina*

 COUNSEL PRESS · (213) 680-2300                    PRINTED ON RECYCLED PAPER 

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

STATEMENT PURSUANT TO FED. R. APP. P. 35(b).........................................1

INTRODUCTION ................................................................................3

ARGUMENT ....................................................................................5

    A.    The Order is Contrary to Supreme Court and Tenth Circuit Decisions Holding That an Appeal is Not Moot if it is *Possible* to Grant *Any* Relief................................................................5

    B.    The Order is Contrary to Tenth Circuit Decisions Following *Scientology*, *Chafin*, and Their Progeny ...............................................6

    C.    Rehearing is Warranted to Address Apparent Inconsistencies Between This Court's Decisions Following the "Impossible to Grant Any Relief" Standard and Other Decisions Following a "Practical Effect" Standard ..................................................8

    D.    The Order Incorrectly Concluded That the Settlement is "Final" and Relief Impossible............................................................8

        i.    The Settlement is Not "Consummated" or "Final" Because it Remains Subject to Multiple Ongoing Appeals........8

        ii.    The Settlement Agreement Confirms That the Settlement is Not Consummated or Final .....................................9

    E.    Appellee Failed to Meet its "Heavy Burden" to Establish Mootness .............................................................14

CONCLUSION.................................................................................17

CERTIFICATE OF COMPLIANCE.......................................................18

ORDER AND JUDGMENT

CERTIFICATE OF DIGITAL SUBMISSION

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

## CASES

*Am. Mercantile Corp. v. Spielberg,*
    262 F. 492 (2d Cir. 1919) ...............................................................8

*Audubon of Kansas, Inc. v. United States Dep't of Interior,*
    67 F.4th 1093 (10th Cir. 2023) ...................................................2, 8

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.,*
    137 S. Ct. 1773 (2017) ..................................................................2

*Caddo Nation of Okla. v. Wichita & Affiliated Tribes,*
    877 F.3d 1171 (10th Cir. 2017) .............................................11, 12

*Campanelli v. Allstate Life Ins. Co.,*
    322 F.3d 1086 (9th Cir. 2003) .......................................................9

*Campbell-Ewald Co. v. Gomez,*
    577 U.S. 153 (2016) ..................................................................5, 6

*Chafin v. Chafin,*
    568 U.S. 165 (2013) ...............................................................*passim*

*Church of Scientology of California v. United States,*
    506 U.S. 9 (1992) ...................................................................*passim*

*City of Albuquerque v. Browner,*
    97 F.3d 415 (10th Cir. 1996) .......................................................14

*Commissioner of Internal Revenue v. Swift,*
    54 F.2d 746 (9th Cir. 1932) ...........................................................9

*Consumer Fin. Prot. Bureau v. Access Funding,*
    2019 WL 266280 (D. Md. Jan. 18, 2019) .....................................11

*County of Los Angeles v. Davis,*
    440 U.S. 625 (1979) ..................................................................1, 14

*Dahlinger v. Commissioner of Internal Revenue,*
    51 F.2d 662 (3d Cir. 1931) .........................................................8, 9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..................................................................................2

*Finstuen v. Crutcher*,
    496 F.3d 1139 (10th Cir. 2007) ...............................................................1, 14

*Goodyear Dunlop Tires Oper. v. Brown*,
    564 U.S. 915 (2011)..................................................................................2

*Guerra v. Texaco Exploration & Prod., Inc.*,
    48 F. Supp. 2d 699 (S.D. Tex. 1998)..........................................................13

*Hillman v. Webley*,
    115 F.3d 1461 (10th Cir. 1997) ...............................................................14, 16

*Kallman & Co. v. Gottlieb*,
    515 B.R. 591 (B.A.P. 9th Cir. 2014) ........................................................9, 10

*Kim v. Dome Entm't Ctr.*,
    748 F.3d 647 (5th Cir. 2014) ...................................................................9

*Knox v. Serv. Employees Int'l Union*,
    567 U.S. 298 (2012)..................................................................................5

*Laufer v. Acheson Hotels*,
    50 F.4th 259 (1st Cir. 2022), *cert. granted*,
    143 S. Ct. 1053 (2023)...........................................................................7, 14

*Lorance v. Commandant*,
    13 F.4th 1150 (10th Cir. 2021) .................................................................7, 8

*Michigan v. Long*,
    463 U.S. 1032 (1983)...............................................................................1, 15

*Mission Product Holdings v. Tempnology*,
    139 S. Ct. 1652 (2019).............................................................................5, 15

*MOAC Mall Holdings v. Transform Holdco*,
    143 S. Ct. 927 (2023)...............................................................................5

*Petrella v. Brownback*,
    787 F.3d 1242 (10th Cir. 2015) ...............................................................6, 7

*Powers v. Warden Allenwood*,
    2022 WL 17690157 (3d Cir. Dec. 15, 2022)....................................................7

*Rajala v. Gardner*,
    709 F.3d 1031 (10th Cir. 2013) ....................................................................14

*Rescue v. Vilsack*,
    782 F.3d 565 (10th Cir. 2015) ...................................................................2, 8

*Rezaq v. Nalley*,
    677 F.3d 1001 (10th Cir. 2012) ........................................................1, 6, 8, 11

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,
    601 F.3d 1096 (10th Cir. 2010) .................................................................2, 8

*Selcke v. New England Ins.*,
    2 F.3d 790 (7th Cir. 1993) ..........................................................................10

*Tennille v. W. Union Co.*,
    774 F.3d 1249 (10th Cir. 2014) .....................................................................9

*U.S. v. N.Y. Tel. Co.*,
    434 U.S. 159 (1977)....................................................................................14

*United States v. Babcock*,
    40 F.4th 1172 (10th Cir. 2022) .....................................................................7

*United States v. Scripps*,
    961 F.3d 626 (3d Cir. 2020) .........................................................................7

*United States v. Washington*,
    142 S. Ct. 1976 (2022)..................................................................................5

*Wyoming v. U.S. Dep't of Agric.*,
    414 F.3d 1207 (10th Cir. 2005) .................................................................2, 8

**STATUTES**

28 U.S.C. § 1651 ......................................................................................13

## OTHER AUTHORITIES

Daniel Wilf-Townsend, *Class Action Boundaries*,
    90 Fordham L. Rev. 1611 (2022) ...................................................................3

Philip S. Goldberg et al., *The U.S. Supreme Court's Personal Jurisdiction
    Paradigm Shift to End Litigation Tourism*, 14 Duke Journal of
    Constitutional Law & Public Policy 51-52 (2019)..........................................3

## STATEMENT PURSUANT TO FED. R. APP. P. 35(b)

Randy Dean Quint, John Linn, and Mark Molina ("Appellants" or "Plaintiffs") petition this Court for rehearing and rehearing *en banc* for three reasons.

***First,*** the Panel's June 1, 2023 decision (the "Order") conflicts with decisions of the United States Supreme Court, which hold that an appeal becomes moot only where it is "impossible" for the appellate court to grant "'any effectual relief whatever' to a prevailing party." *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("*Scientology*"); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("*Chafin*") and their progeny. And since the Order placed the burden on the Plaintiffs to disprove mootness, it also conflicts with Supreme Court and Tenth Circuit cases holding defendants have the "heavy burden" of proving the appeal is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Michigan v. Long*, 463 U.S. 1032, 1043 n.8 (1983); *Finstuen v. Crutcher*, 496 F.3d 1139, 1150 (10th Cir. 2007).

***Second,*** the Order conflicts with this Court's decisions that follow *Scientology* and *Chafin*. *See Rezaq v. Nalley*, 677 F.3d 1001, 1110 (10th Cir. 2012) ("*Rezaq*") and its progeny. Rehearing *en banc* is also necessary to resolve an apparent inconsistency among (i) the Order; (ii) *Scientology* and *Chafin* and Tenth Circuit cases that follow them like *Rezaq* and (iii) other decisions of this Court that do not follow *Scientology* and *Chafin* and instead apply a "practical" or "real world" effect

1

standard. *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005);

*Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th

Cir. 2010); *Rescue v. Vilsack*, 782 F.3d 565, 568-71 (10th Cir. 2015); *Audubon of*

*Kansas, Inc. v. United States Dep't of Interior*, 67 F.4th 1093, 1102, 1112 (10th Cir.

2023).

    ***Finally***, this proceeding involves questions of exceptional public importance

impacting all collective and class actions. As explained in Appellants' Opening Brief

(OB at 30-41) and Appellants' Reply Brief (RB at 19-23), the District Court ignored

Appellants' argument that the litigation belongs in the District of Colorado where

Vail is headquartered and is subject to general jurisdiction, and where the challenged

policies were formulated and implemented. The Supreme Court has made clear that

nationwide class or collective actions must be filed and litigated where the defendant

is subject to general jurisdiction—*i.e.*, where the company is headquartered or

incorporated to curb "forum shopping" or "litigation tourism."[1]  Enforcing the

Supreme Court's directive prevents defendants from manipulating their use or non-

use of jurisdictional defenses in foreign venued actions to leverage sweetheart deals

---

[1] *See*, *e.g.*, *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773 (2017);
*Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Goodyear Dunlop Tires Oper. v.
Brown*, 564 U.S. 915 (2011).

with plaintiffs who are vulnerable to such defenses.[2]  This danger materialized here when Vail side-stepped this first-filed action and attempted to settle the Colorado Plaintiffs' claims "on the cheap" with compliant plaintiffs' counsel in later-filed copycat California state court actions.  If Vail's end-run around the District Court's general jurisdiction is allowed to stand, it will undermine the Supreme Court's command to adjudicate class and collective actions in the corporate defendant's "home" district.  Thus, this proceeding involves questions of exceptional public importance, the resolution of which will be consequential for all class and collective actions.

## INTRODUCTION

The Panel overlooked or misconstrued Appellants' argument and authorities establishing that the Settlement is ***not consummated*** and is ***not final*** because appeals remain ongoing and pending in California state court.  Therefore, the appeal is ***not moot*** because the Tenth Circuit can grant relief to remedy the lower court's erroneous rulings.  More specifically, the Panel wrongly concluded the appeal was moot because "Vail moved forward with consummating the Settlement by obtaining the California state court's final approval.  The relief Colorado Plaintiffs sought—an

---

[2] *See* Philip S. Goldberg et al., *The U.S. Supreme Court's Personal Jurisdiction Paradigm Shift to End Litigation Tourism*, 14 Duke Journal of Constitutional Law & Public Policy 51-52 (2019); Daniel Wilf-Townsend, *Class Action Boundaries*, 90 Fordham L. Rev. 1611, 1662-3 (2022).

injunction enjoining Vail from consummating the Settlement—is therefore no longer possible." Order at 5.  The Order conflicts with Supreme Court and Tenth Circuit decisions and is premised on an apparent misunderstanding of the status of the California state court settlement.

Contrary to the Panel's conclusion, the Settlement has not been consummated (and as of the date of this submission, remains unconsummated) and therefore this appeal is not moot.  As the California Superior Court specifically noted in its final approval order, the "Effective Date of the Settlement shall be (a) if there is no appeal of the Court's Order Granting Final Approval, [] fourteen (14) days after the deadline for taking an appeal has passed; or (b) *if there is an appeal of the Court's Order Granting Final Approval, [] fourteen (14) days after all appeals are resolved in favor of final approval*." 1-SA-29; 2-SA-236 (emphasis added). Since the Colorado Plaintiffs appealed, and the appeal remains ongoing (2-SA-311-12), the "Effective Date" of the settlement has *not* yet occurred and the settlement has *not* been consummated and is *not* final.  Consistent with the contingent nature of the Settlement, Vail has not deposited the settlement proceeds into a settlement fund account and will not do so until 21 days after "all appeals are resolved in favor of final approval." 1-SA-30.  That day has not arrived.

The Panel's rationale also is at odds with Vail's motion to stay filed in the District Court on December 9, 2022—*i.e.*, during the pendency of this appeal. 2-SA-

104-119.  There, Vail admits that the Settlement has not been consummated and is not final.  Specifically, Vail asks the court to stay the *Quint* Action "until the settlement [] is final, including resolution of all appeals" (2-SA-104), which includes Appellants' "appeal of the California Court's denial of their motion to intervene" (2-SA-108) and "appeal of [that] Court's order denying the motion to vacate" (2-SA-108), both still pending before California's Third Appellate District.

Under these circumstances, the Settlement has not been consummated and is not final.  Accordingly, this Court can provide effective relief and Appellants' appeal is not "moot."  Appellants respectfully submit, as demonstrated below, that this Court should grant Appellants' petition for rehearing and rehearing *en banc*.

## ARGUMENT

### A.    The Order is Contrary to Supreme Court and Tenth Circuit Decisions Holding That an Appeal is Not Moot if it is *Possible* to Grant *Any* Relief

The Supreme Court has repeatedly affirmed the principle that an appeal becomes moot only where it is "impossible" for the appellate court to grant "'any effectual relief whatever' to a prevailing party."  *Scientology*, 506 U.S. at 12 (1992) (citation omitted); *accord Knox v. Serv. Employees Int'l Union*, 567 U.S. 298, 307-08 (2012); *Chafin*, 568 U.S. 165, 172 (2013); *Mission Product Holdings v. Tempnology*, 139 S. Ct. 1652, 1660 (2019); *United States v. Washington*, 142 S. Ct. 1976, 1983 (2022); *MOAC Mall Holdings v. Transform Holdco*, 143 S. Ct. 927, 934-35 (2023).  "'As long as the parties have a concrete interest, however small, in the

5

outcome of the litigation, the case is not moot.'"  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Chafin*, 568 U.S. at 172).

The Panel's holding that "this court can no longer effectively grant the specific relief they requested" because it '"would have no effect in the real world'" (Order at 7) conflicts with the Supreme Court's mootness standard in *Scientology* and *Chafin* that an appeal is not moot if it is possible for a court to grant "'any effectual relief whatever.'" *Chafin*, 568 U.S. at 172, 175. Further, it is of no moment that such relief may be theoretical or even unlikely: "Courts often adjudicate disputes where the practical impact of any decision is not assured." *Id*.

And, as explained in Section D below, the Panel based its decision on an apparent misunderstanding of the status of the California state court action and an erroneous conclusion that the Settlement was "consummated" and "final."  It is not. Notably, Appellants requested but were not granted the opportunity to present oral argument.  Had the Panel permitted argument, Appellants could have corrected this mistake.  For this additional reason, rehearing is deserved.

**B.     The Order is Contrary to Tenth Circuit Decisions Following *Scientology*, *Chafin*, and Their Progeny**

This Court has followed the Supreme Court's "impossible to grant any relief" mootness standard.  For example, in *Rezaq*, this Court held an appeal is not moot "when there is some possible remedy, even a partial remedy or one not requested by the plaintiff."  677 F.3d at 1010; *accord Petrella v. Brownback*, 787 F.3d 1242, 1255-

56 (10th Cir. 2015); *Lorance v. Commandant*, 13 F.4th 1150, 1164-65 (10th Cir. 2021); *see also United States v. Babcock*, 40 F.4th 1172, 1176 n.3 (10th Cir. 2022) (noting that recent Supreme Court case law makes clear that a case is not moot "if there is any theoretical avenue of relief.'"). Other circuits hold in accord. *See, e.g.*, *United States v. Scripps*, 961 F.3d 626, 631n.3 (3d Cir. 2020) ("more recent Supreme Court case law [] clarifies that a case is not moot if there is any theoretical avenue of relief"); *Powers v. Warden Allenwood*, 2022 WL 17690157, at *2 (3d Cir. Dec. 15, 2022) (same). Moreover, whether the appellant may ultimately succeed in that relief has no place in the Court's consideration. *See Laufer v. Acheson Hotels,* 50 F.4th 259, 278 (1st Cir. 2022), *cert. granted*, 143 S. Ct. 1053 (2023) ("Again, to assess mootness, we need not decide whether [defendant] can be held liable . . . . That a plaintiff's ultimate recovery 'may be uncertain or even unlikely . . . is of no moment' to the mootness inquiry."); *see also Chafin*, 568 U.S. at 175 (same).

Thus, the Panel's holding that "this court can no longer effectively grant the specific relief they requested" *i.e.* directing "the district court to enjoin Vail from consummating the Settlement, [] 'would have no effect in the real world'" (Order at 7) conflicts with this Court's numerous decisions that follow the Supreme Court's mootness standard in *Scientology* and *Chafin*.

C. **Rehearing is Warranted to Address Apparent Inconsistencies Between This Court's Decisions Following the "Impossible to Grant Any Relief" Standard and Other Decisions Following a "Practical Effect" Standard**

Rehearing and rehearing *en banc* should be granted to secure uniformity of this Court's decisions. Numerous Tenth Circuit decisions apply the Supreme Court's "impossible to grant any relief" standard of *Scientology* and *Chafin*. *See*, *e.g.*, *Rezaq*, 677 F.3d at 1010; *Lorance*, 13 F.4th at 1164-65. However, the Order and a handful of Tenth Circuit cases have applied a "practical effect" or "real world" standard that conflicts with *Scientology* and *Chafin*. *See Wyoming*, 414 F.3d 1207, 1212 (10th Cir. 2005); *Rio Grande*, 601 F.3d 1096, 1110 (10th Cir. 2010); *Rescue*, 782 F.3d 565, 569-71 (10th Cir. 2015); *Audubon*, 67 F.4th 1093, 1102, 1112 (10th Cir. 2023). Rehearing and rehearing *en banc* review should be granted so that this Court can authoritatively adopt the *Scientology* and *Chafin* standard and disapprove the "practical effect" or "real world" standard.

D. **The Order Incorrectly Concluded That the Settlement is "Final" and Relief Impossible**

i. **The Settlement is Not "Consummated" or "Final" Because it Remains Subject to Multiple Ongoing Appeals**

The meaning of "to consummate" a contract or agreement has long been settled. *Am. Mercantile Corp. v. Spielberg*, 262 F. 492, 496 (2d Cir. 1919) ("'Consummate,' according to the Century Dictionary, means: 'To finish by completing what was intended; perfect; bring or carry to the utmost point or degree; carry or bring to completion; complete; achieve'"); *Dahlinger v. Commissioner of*

*Internal Revenue*, 51 F.2d 662, 663 (3d Cir. 1931) (same); *Commissioner of Internal Revenue v. Swift*, 54 F.2d 746, 747 (9th Cir. 1932) (same).

Since the California settlement approval remains subject to appeal, it has ***not*** been consummated and this appeal is ***not*** moot. A "claim has not been litigated to finality until there has been a 'final resolution of the matter on appeal' or until the time for taking an appeal has expired without an appeal having been taken." *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1095-96 (9th Cir. 2003); *accord Tennille v. W. Union Co.*, 774 F.3d 1249, 1252 (10th Cir. 2014) ("Although the district court approved the settlement, by its terms it cannot take effect until after all appeals challenging the settlement have been resolved"); *Kim v. Dome Entm't Ctr.*, 748 F.3d 647, 652 (5th Cir. 2014) ("Despite the parties' settlement agreement, the settlement terms themselves are dependent on the outcome of the appeal").

In sum, since the Settlement is on appeal, it has not been consummated and is not final.

### ii.    The Settlement Agreement Confirms That the Settlement is Not Consummated or Final

Courts also look to the underlying agreements to determine when a settlement or contract is "consummated." For example, in *Kallman & Co. v. Gottlieb*, 515 B.R. 591, 595 (B.A.P. 9th Cir. 2014), the Ninth Circuit affirmed a bankruptcy court determination that a sale was not consummated until occurrence of a condition precedent specified in the contract. "The Agreement defined the transaction closing

date as the date of entry of a final and nonappealable order approving the [] sale." 515 B.R. at 595. Although the "path" to consummation was cleared when the bankruptcy court approved the agreement and that approval became non-appealable, "these events, however, did not constitute consummation of the [] sale; they merely removed obstacles to consummation of a sale, a consummation that never occurred." 515 B.R. at 595. In affirming the lower court, the Ninth Circuit began "with the common meaning of consummation: which is '[t]he action or an act of completing, accomplishing, or finishing,'[] or 'the ultimate end.' This common meaning dictates that []a sale of property is consummated when the sale is complete, accomplished, finished, or at the ultimate end." 515 B.R. at 595. Thus, consummation "involves more than mere approval of a sale and requires finalization of the sale; this will typically involve payment." 515 B.R. at 595.

Here, as in *Kallman*, the Settlement agreement provides that the Settlement is not final until the occurrence of several events (expiration or resolution of all appeals) and satisfaction of certain contingencies. Those events have not occurred. Among other contingencies outstanding, the settlement funds have not been paid into escrow or deposited with a settlement administrator. *See Selcke v. New England Ins.*, 2 F.3d 790, 791-92 (7th Cir. 1993) ("Until the settlement becomes final [] the case is not moot, since the settlement may never become final. [] In fact, the settlement by its terms did not become final until payment was made. Payment was,

no doubt, highly likely, but it was not certain until made, and a case does not become moot merely because it is highly likely to become moot shortly").

Similarly, in *Consumer Fin. Prot. Bureau v. Access Funding*, 2019 WL 266280 (D. Md. Jan. 18, 2019), a strikingly similar case, a federal court litigant sought to intervene in a parallel state court class action settlement, arguing that the settlement amount was inadequate and the settlement purported to "release" the defendants from claims brought in federal court. 2019 WL 266280, at *6. The Maryland district court found that state court settlement, by its own terms, was not "final" until the date on which "all appellate rights [] have expired or have been exhausted." 2019 WL 266280, at *6, *11. The same rationale applies with equal force here. The California state court settlement agreement includes the exact same proviso that the settlement is not final until all appellate rights have expired or been exhausted.

Because the Settlement has not been consummated and is not final, the Panel's reliance on *Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171 (10th Cir. 2017) is misplaced. There, this Court concluded it had "no jurisdiction over [the] appeal because the relief Caddo Nation requested from the district court—a temporary restraining order enjoining construction—[was] now moot" because the building was completed. 877 F.3d at 1172. Contrary to *Rezaq*, 677 F.3d at 1010, which would consider a "partial remedy or one not requested by the plaintiff," the

11

*Caddo* panel constrained its "analysis to the relief Caddo Nation sought below: a temporary restraining order on construction" and held that an "appeal of a denial of a 'temporary restraining order' that cannot have 'any present-day effect' is moot." *Caddo*, 877 F.3d at 1177.  But this case is nothing like *Caddo*.  To continue the analogy, *Caddo* held the appeal was moot because the building was completed, whereas here the plans for the building were approved, (final approval of the Settlement) but construction has not even started, let alone completed (consummation of the Settlement after resolution of all appeals and distribution of the funds).  In other words, since the Settlement has not been consummated, the relief Colorado Plaintiffs seek—an injunction enjoining Vail from consummating the Settlement—is therefore still available.

The Panel similarly rejected the Colorado Plaintiffs' argument that "this court can still provide them relief by directing the district court to enjoin the Settlement post-final approval" because the Colorado Plaintiffs "did not elaborate on this proposed remedy."  Order at 5.  This is incorrect for two reasons.  ***First***, Plaintiffs did elaborate on their proposed remedy in their Emergency Motion for an Injunction under the All Writs Act (2-AA- 406-426), their reply in support of the Emergency Motion (4-AA-898-916), their Objection to the Magistrate's Recommendation to Deny Their Emergency Motion (5-AA-1103-1126), and their reply in support of the objection.  5-AA-1127-1143.  Since, as explained above, the Settlement has not been

consummated and the "Effective Date" of the Settlement will not occur until "fourteen (14) days after all appeals are resolved in favor of final approval," the Superior Court's approval of the Settlement does nothing to reduce the effectiveness of the proposed remedy set forth in Plaintiffs' District Court briefs or submissions to this Court. More specifically, in Plaintiffs' Emergency Motion, Plaintiffs asked the District Court to exercise its authority under the All Writs Act, 28 U.S.C. § 1651 (the "Act") to enjoin Vail "from consummating a facially collusive 'reverse auction' settlement in a recently filed placeholder California state court action or any other court." 2-AA-410. As grounds for the Writ, Appellants explained that the "Act authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" 2-AA-417 (citing 28 U.S.C. § 1651(a)). More specifically, the "Act authorizes courts to prevent parties from 'pursuing an inadequate or collusive settlement in state courts which would release the apparently stronger claims in the instant case.' *Guerra v. Texaco Exploration & Prod., Inc.*, 48 F. Supp. 2d 699, 704 (S.D. Tex. 1998)." 2-AA-411. Therefore, an injunction was necessary for the District Court to "ensure this action's rightful priority, preserve its jurisdiction over vital FLSA claims, protect the interests of absent collective and class members, and put an end to Vail's gamesmanship." 2-AA-413.

In addition, Appellants informed the Court they sought to "enjoin Vail from consummating a collusive reverse auction settlement, which the AWA authorizes 'as may be necessary or appropriate to effectuate' the Court's jurisdiction. *U.S. v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)." 4-AA-907. Indeed, the "Tenth Circuit, relying on *N.Y. Telephone*, held a 'court undoubtedly had the authority under the [AWA] to enjoin parties before it from pursuing conflicting litigation in the state court.' *Hillman v. Webley*, 115 F.3d 1461, 1469 (10th Cir. 1997)." 4-AA-908. The Superior Court's approval of the Settlement does nothing to moot the relief Plaintiffs requested because the "Effective Date" will not occur until after resolution of all appeals.

**Second**, as demonstrated below, contrary to controlling Supreme Court and Tenth Circuit authority, the Order improperly places the burden on Appellants when Vail has the "heavy burden" to establish that the appeal is moot.

## E.    Appellee Failed to Meet its "Heavy Burden" to Establish Mootness

The burden of demonstrating mootness belongs to the appellee and "'is a heavy one.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *accord City of Albuquerque v. Browner*, 97 F.3d 415, 420-21 (10th Cir. 1996); *Finstuen v. Crutcher*, 496 F.3d 1139, 1150 (10th Cir. 2007); *Rajala v. Gardner*, 709 F.3d 1031, 1036 (10th Cir. 2013); *see also Laufer*, 50 F.4th at 278, *cert. granted*, 143 S. Ct. 1053 (2023) ("Yet getting a case declared moot is a 'demanding standard' -- one met only

when 'it is impossible for a court to grant any effectual relief whatever' to [the plaintiff] assuming it prevails.' *Mission Products,* 139 S. Ct. 1652, 1660[]. The 'heavy burden' of meeting that demanding standard falls on the party asserting mootness").

Thus, the Supreme Court has "held that the party who alleges that a controversy before [an appellate court] has become moot has the 'heavy burden' of establishing that [the appellate court] lack[s] jurisdiction. That is, we presume in those circumstances that [the appellate court has] jurisdiction until some party establishes that [the appellate court does] not for reasons of mootness." *Michigan v. Long*, 463 U.S. 1032, 1042 n.8 (1983).

Here, Appellees failed to satisfy its "heavy burden" of establishing mootness especially where its argument that the Settlement was final is contradicted by the Final Approval Order (1-SA-29; 2-SA-236) and its own subsequently-filed motion to stay the *Quint* Action (2-SA-104). Compounding this error, the Panel improperly shifted the burden to Appellants to disprove mootness. For this reason alone, this petition should be granted.

The Panel also rejected the Colorado Plaintiffs' argument that this Court can provide relief by enjoining the Settlement because this "would require an injunction directing the state appellate court to reverse the state trial court's approval of the Settlement." Order at 5. The Panel is mistaken. An injunction would not require a

15

directive to the state court to "reverse" its approval. Since the approval is on appeal, the "Effective Date" of the Settlement has not occurred, and Vail can take no further steps to effectuate the Settlement until all appeals are resolved in its favor. Thus, contrary to the Order, an "injunction directing the state appellate court to reverse the state trial court's approval of the Settlement" is not required. This Court or the District Court need only issue an order enjoining the consummation of the Settlement, as this Court authorized in *Hillman*, 115 F.3d at 1469.

Finally, the Panel wrongly concluded that Appellants failed to explain "how any outcome of their pending appeal would allow this court to grant the relief they sought in the district court." Order at 6. But Appellants did not assert that relief sought here is dependent on the outcome of the California appeals, nor are the two dependent as a matter of law. This Court is authorized to enjoin Vail from consummating the Settlement so that the claims purportedly being resolved through that sham Settlement can be properly adjudicated in the District of Colorado. That Settlement is not "consummated," "final," or "effective" because it remains subject to multiple appeals. Therefore, the "act that Colorado Plaintiffs sought to enjoin" (Order at 2)—*i.e.*, consummation of the Settlement—has not occurred and the Settlement should be enjoined.

## CONCLUSION

For all of the reasons stated above, Appellants respectfully submit this Court should grant Appellants' Petition for rehearing and rehearing *en banc* and reverse the Order.

Respectfully Submitted,

Date:  June 15, 2023        By: <u>/s/ *Edward P. Dietrich*</u>
Edward P. Dietrich
EDWARD P. DIETRICH, APC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
(310) 300-8450 • Fax: (310) 300-8401
edward@dstlegal.com
*Attorneys for Appellants,*
*Randy Dean Quint et al.*

# CERTIFICATE OF COMPLIANCE

Counsel for Appellants certifies:

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 35(b)(2)(A) and 40(b)(1).  This brief contains 3,895 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Respectfully Submitted,

Date:  June 15, 2023                    By: s/ *Edward P. Dietrich*
                                        Edward P. Dietrich
                                        EDWARD P. DIETRICH, APC
                                        9595 Wilshire Boulevard, Suite 900
                                        Beverly Hills, CA 90212
                                        (310) 300-8450 • Fax: (310) 300-8401
                                        edward@dstlegal.com
                                        *Attorneys for Appellants,*
                                        *Randy Dean Quint et al.*

# ORDER AND JUDGMENT

FILED
United States Court of Appeals
Tenth Circuit

June 1, 2023

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RANDY DEAN QUINT; JOHN LINN;
MARK MOLINA, individually and on
behalf of all others similarly situated,

     Plaintiffs - Appellants,

v.

VAIL RESORTS, INC.,
a Delaware corporation,

     Defendant - Appellee.

No. 22-1226
(D.C. No. 1:20-CV-03569-DDD-GPG)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Randy Dean Quint, John Linn, and Mark Molina ("Colorado Plaintiffs") filed a

class and collective action against Vail Resorts, Inc., in the District of Colorado

alleging violations of federal and state labor laws ("Colorado Action"). Different

plaintiffs filed similar lawsuits against a Vail subsidiary, which are pending in

federal and state courts in California. After Vail gave notice it had agreed to a

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

nationwide settlement with some of the other plaintiffs, Colorado Plaintiffs filed an emergency motion asking the district court to enjoin Vail from consummating the settlement. The district court denied their motion, and Colorado Plaintiffs filed this interlocutory appeal.

Because the act that Colorado Plaintiffs sought to enjoin has occurred while their appeal has been pending and this court can no longer provide the relief they requested, we dismiss this appeal as moot.

## I.    Background

The Colorado Action alleges that certain of Vail's nationwide employment practices violate the Fair Labor Standards Act and state law. The Colorado Plaintiffs seek payment of unpaid wages, overtime, and other benefits for themselves and similarly situated parties. Five other actions filed by different plaintiffs in California asserted similar claims against Vail subsidiaries.

Vail notified Colorado Plaintiffs and the district court that it had negotiated a nationwide settlement with other plaintiffs encompassing all claims for alleged unpaid wages and any other violation of state or federal law ("Settlement"). Vail initially indicated the Settlement would be submitted for approval in the district court in the Eastern District of California, but the settling parties later stipulated to stay the California federal court actions and seek approval of the Settlement in a California state-court action. Colorado Plaintiffs filed an emergency motion seeking an injunction under the All Writs Act "enjoin[ing] [Vail] from consummating a facially collusive 'reverse auction' settlement in a recently filed placeholder California state

2

court action or any other court." Aplt. App., Vol. 2 at 410. The district court denied the motion, holding the relief Colorado Plaintiffs sought was barred by the Anti-Injunction Act.

Colorado Plaintiffs filed this interlocutory appeal of the denial of an injunction. *See* 28 U.S.C. § 1292(a)(1). At that time, the California state court had already granted preliminary approval of the Settlement and held an initial final-approval hearing. The state court proceeded with a second final-approval hearing, considered but rejected Colorado Plaintiffs' objections, and then granted final approval of the Settlement and entered a final judgment in August 2022. The state court denied Colorado Plaintiffs' motion to vacate the judgment, and their appeal of that order remains pending in the state appellate court. The Colorado Action remains pending in the district court.

## II.     Discussion

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (internal quotation marks omitted). "The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Id.* at 1110 (internal quotation marks omitted). To determine whether the Colorado Plaintiffs' "claim remains for review, we must ascertain what type of relief [they] seek, and whether we can, at this juncture, afford them meaningful relief." *Id.*

We therefore look to the relief sought in Colorado Plaintiffs' emergency motion seeking an injunction. *See Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1177 (10th Cir. 2017) (considering only the specific temporary injunctive relief the plaintiff sought). They asked the district court to enjoin Vail from consummating the Settlement. *See* Aplt. App., Vol. 2 at 410 (asking the district court "to enjoin [Vail] from consummating a facially collusive 'reverse auction' settlement in a recently filed placeholder California state court action or any other court"); *id.* at 419 (arguing the court should "enjoin Vail from consummating and submitting its proposed settlement for approval in another federal or state court"); *id.* at 426 (requesting the court to "enjoin Vail from consummating the proposed settlement of class and collective claims at issue in this action in their proposed settlement"); *see also id.*, Vol. 4 at 903 (Colorado Plaintiffs' reply asserting "the appropriate remedy is to . . . enjoin Vail from consummating the settlement"). Colorado Plaintiffs did not ask the district court to enjoin the California state court from taking action with regard to the Settlement.

"Generally, an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief." *Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983). More specifically, "where an act sought to be enjoined has occurred, an appeal of a district court order denying an injunction is moot." *Id.* (dismissing appeal of injunction as moot where election had proceeded without the plaintiff's name on the ballot). "If the event sought to be

enjoined has occurred, the applicant has already suffered the harm that [it] sought to forestall.  At that point, an injunction cannot provide a remedy." *Id.* at 1463 n.2.

We applied this reasoning in holding the appeal was moot in *Caddo Nation*. The district court had denied the plaintiff's motion seeking to prevent the defendant from continuing to construct a building.  877 F.3d at 1175.  But the plaintiff did not seek an injunction from the district court pending appeal, and the defendant's "construction therefore went forward unhindered," culminating in the building's completion.  *Id.* at 1176.  Limiting our analysis to the relief the plaintiff sought in the district court—prevention of further construction of the building—and holding that relief was now impossible, we held that the appeal was moot.  *Id.* at 1177.

Here, after the district court denied their requested relief, Colorado Plaintiffs filed this interlocutory appeal.  They did not move for an injunction pending appeal in the district court or this court, nor did they seek expedited review.  In the interim, Vail moved forward with consummating the Settlement by obtaining the California state court's final approval.  The relief Colorado Plaintiffs sought—an injunction enjoining Vail from consummating the Settlement—is therefore no longer possible.

Colorado Plaintiffs argue this court can still provide them relief by directing the district court to enjoin the Settlement post-final approval.  They do not elaborate on this proposed remedy, which at this time would require an injunction directing the state appellate court to reverse the state trial court's approval of the Settlement.  Even if such a remedy were feasible, Colorado Plaintiffs did not ask the district court to enjoin the state court; they asked only that Vail be enjoined from consummating the

5

Settlement.  *See id.* (declining to "sua sponte on appeal . . . expand the request for injunctive relief and fashion a [different] remedy").[1]

Colorado Plaintiffs assert we can still provide them effectual relief because the "settlement approval is on appeal and therefore is not final."  Aplt. Reply Br. at 11.  But they do not explain how any outcome of their pending appeal would allow this court to grant the relief they sought in the district court.  Even if Colorado Plaintiffs were to prevail and the state appellate court reversed the trial court's approval of the Settlement, the possibility that Vail would again seek to consummate the Settlement (or another allegedly "facially collusive 'reverse auction' settlement," Aplt. App., Vol. 2 at 410) in another court is too speculative to provide this court with jurisdiction in this appeal.  *See Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 569 (10th Cir. 2015) (concluding that the contingent possibility of potential events—a series of "ifs"—that could lead to a future controversy was insufficient to demonstrate current appellate jurisdiction).  "We are without power to render an advisory opinion on a question simply because we may have to face the same question in the future."  *Id.* (internal quotation marks omitted).

Finally, Colorado Plaintiffs assert that their interlocutory appeal of the district court's denial of an injunction is not moot because their claims against Vail remain

---

[1] We note that Colorado Plaintiffs emphasize on appeal that their "motion asked the District Court only to enjoin Vail from submitting to a state court a collusive reverse auction settlement designed to extinguish the federal Colorado Action, *not* to stay proceedings in State court."  Aplt. Opening Br. at 42 (internal quotation marks omitted).

pending despite final approval of the Settlement. "But though a *case* may not be moot because partial relief is still possible, a *specific request* for an injunction may become moot." *Caddo Nation*, 877 F.3d at 1176; *see also Fleming v. Gutierrez*, 785 F.3d 442, 446 (10th Cir. 2015) (explaining "partial mootness" and holding appeal of preliminary injunction was mooted by passage of an election, although claims regarding future elections remained pending in the district court). Consequently, although Colorado Plaintiffs continue to pursue their claims against Vail, this court can no longer effectively grant the specific relief they requested in their emergency motion for an injunction. Were we now to direct the district court to enjoin Vail from consummating the Settlement, such relief "would have no effect in the real world." *Rio Grande Silvery Minnow*, 601 F.3d at 1112.

## III.   Conclusion

Colorado Plaintiffs' interlocutory appeal of the district court's denial of their emergency motion seeking to enjoin Vail from consummating the Settlement is dismissed as moot.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

7

## CERTIFICATE OF DIGITAL SUBMISSION

Counsel for Appellants hereby certifies that all required privacy redactions have been made, which complies with the requirements of Federal Rules of Appellate Procedure 25 (a)(5).

Counsel also certifies that the hard copies submitted to the Court are exact copies of the ECF filing of June 15, 2023.

Counsel further certifies that the ECF submission was scanned for viruses with the most recent version of a commercial virus scanning program (Vipre software version 13.0.8352; Definitions version 107791 – 7.94800 [June Vipre engine version 6.0.9.9 – 0.0.0.0), and according to the program, is free of viruses.

Respectfully Submitted,

Date:  June 15, 2023                    By: s/ *Edward P. Dietrich*
                                            Edward P. Dietrich
                                            EDWARD P. DIETRICH, APC
                                            9595 Wilshire Boulevard, Suite 900
                                            Beverly Hills, CA 90212
                                            (310) 300-8450 • Fax: (310) 300-8401
                                            edward@dstlegal.com
                                            *Attorneys for Appellants,*
                                            *Randy Dean Quint et al.*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system on June 15, 2023. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system, which constitutes service pursuance to Federal Rule of Appellate Procedure 25(c)(2) and Tenth Circuit Rule 25-4.

Respectfully Submitted,

Date: June 15, 2023               By: s/ *Edward P. Dietrich*
                                       Edward P. Dietrich
                                       EDWARD P. DIETRICH, APC
                                       9595 Wilshire Boulevard, Suite 900
                                       Beverly Hills, CA 90212
                                       (310) 300-8450 • Fax: (310) 300-8401
                                       edward@dstlegal.com
                                       *Attorneys for Appellants,*
                                       *Randy Dean Quint et al.*